**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lorelei A Clark,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-22-02056-PHX-DLR<br><br>**ORDER** |

On July 19, 2019, Claimant Lorelei Clark filed an application for Social Security Disability Insurance benefits, alleging a disability beginning May 30, 2019. (AR. 14.) Her last insured date was September 30, 2019. (AR. 17.) The Social Security Administration denied her claim initially and again on reconsideration. (AR. 79, 98.) After an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (AR. 11.) The Appeals Council denied review of the decision, making the ALJ's finding the final decision of the Commissioner of the Social Security Administration. (AR. 1.)

Clark seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g), arguing that the ALJ's decision was not supported by substantial evidence. (Doc. 18 at 1, 10.) The Commissioner does not contest this point. (Doc. 28 at 1–3.) The only issue for this Court to resolve is the appropriate scope of the remand. Clark argues that the case should be remanded for a calculation of benefits, while the

Commissioner argues that the case should be remanded for further administrative proceedings. (Doc. 18 at 25; Doc. 28 at 12.)

**I.      Standard**

Generally, "ordinary remand"—that is, remand for further agency proceedings—is the appropriate remedy when an ALJ makes legal error in his decision. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). Remand for an award of benefits is appropriate only in exceptional circumstances where further administrative proceedings would not serve any useful purpose, and the record has been fully developed. *Id.*; *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [for an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).

The Ninth Circuit has developed the "credit-as-true" rule as a procedure for determining whether exceptional circumstances justifying a remand for benefits exist. *See Treichler*, 775 F.3d at 1100–01. The first step asks whether the "ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). If the ALJ has erred, the Court determines whether the record has been fully developed, whether there are outstanding issues to be resolved before a disability determination can be made, and whether further administrative proceedings would be useful. *Treichler*¸ 775 F.3d at 1101; *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Varney v. Sec'y of Health & Hum. Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). If the Court concludes there are no outstanding issues and further proceedings would not be useful, it may credit the testimony as true as a matter of law and determine whether the record leaves any uncertainty as to the outcome of the proceeding. *See NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). Only when these elements are met may the Court exercise its discretion to remand for a calculation of benefits. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).

## II. Analysis

This case does not present the rare circumstances that would warrant a reversal for an award of benefits. The *Dominguez* case is instructive here: Both parties agreed that the ALJ erred by rejecting a doctor's opinions, but upon review of the record, the Ninth Circuit identified several inconsistencies between that doctor's opinions and other evidence in the record. *Dominguez v. Colvin*, 808 F.3d 403, 408–09 (9th Cir. 2015). The Ninth Circuit rejected the claimant's request to credit the doctor's opinions as a matter of law despite the inconsistencies because to do so would be to "reverse[] the required order of analysis." *Id.* Only ordinary remand was appropriate under the circumstances. *Id.* at 410.

Clark and the Commissioner agree that the first step of the credit-as-true rule is met, so the Court will proceed to the second step. A review of this record reveals inconsistencies similar to those present in the *Dominguez* case. Though the ALJ did not properly articulate his reasons for rejecting the opinions of Clark's treating physicians, Delaney Herper, P.A. and Irina Ashamalla, PMHNP-DC, he did point to some inconsistencies between their opinions and other evidence in the record. Both P.A. Herper and N.P. Ashamalla opined that Clark has severe limitations in her ability to relate to others, respond to customary work pressures, and sustain her pace. (AR. 21.) But, as the ALJ noted, Clark reported no problems getting along with friends, family, and authority figures and stated that she was able to perform several independent daily activities, including taking care of her personal hygiene, preparing meals, and driving. (AR. 21–22.)

Further, while P.A. Herper and N.P. Ashamalla opined that Clark had severe mental impairments, two agency medical consultants who reviewed Clark's records found no severe mental impairments. (AR. 21–22, 71–73, 74–75, 89, 91–93.) P.A. Herper opined that Clark's impairments would cause her to be off task more than twenty-one percent of a single workday. (AR. 1012.) And another treating physician opined that Clark could only sit for two to three hours, stand or walk for less than two hours, and lift or carry fewer than ten pounds. (AR. 829.) This opinion conflicts with two state agency medical consultants

1  who both opined Clark could lift twenty pounds occasionally and could stand, walk, or sit
2  for six hours in an eight-hour workday. (AR. 76–78, 94–97.)

3        Clark argues that this Court should credit only the opinions of her treating
4  physicians and reject those of the agency medical consultants. But this operation would
5  "reverse[] the required order of analysis," *id.*, and improperly substitute the Court for the
6  factfinder. Even where the ALJ has made legal error, it is not the role of the Court to
7  evaluate the credibility of various physicians' opinions and resolve inconsistencies in the
8  record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 ("[T]he ALJ is the final arbiter with
9  respect to resolving ambiguities in the medical evidence."). The ALJ is the proper trier of
10 fact. *See Parra v. Astrue*, 481 F.3d 742, 750 (9th Cir. 2007) ("Generally, questions of
11 credibility and resolution of conflicts in the testimony are functions solely for [the ALJ].")
12 (internal quotation marks and citations omitted).

13       Because inconsistencies in the record and outstanding issues preclude reversal for a
14 calculation of benefits, this Court need not reach the parties' arguments about whether
15 Clark is disabled. Ordinary remand, rather than remand for an award of benefits, is
16 appropriate.

17       **IT IS ORDERED** that the Commissioner's motion for remand (Doc. 28) is
18 **GRANTED**. The ALJ's decision is **REVERSED** and **REMANDED** for further
19 proceedings.

20       **IT IS FURTHER ORDERED** directing the Clerk's Office to enter judgment and
21 close the case.

22       Dated this 17th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge